ALD-141                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1756
_____

IN RE: KEVINO GRAHAM,
                                        Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to 2-14-cr-00623-001)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 20, 2024

Before:  HARDIMAN, MONTGOMERY-REEVES, and NYGAARD, Circuit Judges

(Opinion filed: July 3, 2024)
_____

OPINION[*]
_____

PER CURIAM

        Kevino Graham has filed a petition for a writ of mandamus requesting that we

compel the District Court to change the jury instructions concerning offenses under 18

U.S.C. § 1591.  For the following reasons, we will deny the petition.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In 2016, a jury in the United States District Court for the Eastern District of Pennsylvania found Graham guilty of sex trafficking by force and attempting to commit that offense. See 18 U.S.C. §§ 1591 and 1594. The District Court sentenced him to 100 years in prison. He has since unsuccessfully sought relief on direct appeal and in post-conviction proceedings.

Graham has now filed a mandamus petition, asking that we compel the District Court to stop moving the commerce language from the beginning of § 1591(a)(1)." (Doc. 1-1, at 1 (emphasis in original).) This claim appears to be related to Graham's assertion, which he previously has made without success, that the jury instructions constructively amended the indictment by listing the interstate commerce requirement last among the three elements of § 1591.

A writ of mandamus is a drastic remedy that is available in extraordinary circumstances only. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To obtain the writ, a petitioner must show that "(1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (alteration in original) (internal quotation marks omitted). Graham has not made that showing. The argument that he now raises essentially attacks his criminal conviction and could have been raised on direct appeal. But "a writ of mandamus may not issue if a petitioner can obtain relief by appeal." Madden v. Myers, 102 F.3d 74, 77 (3d Cir. 1996).

2

Accordingly, we will deny Graham's mandamus petition.